## Commonwealth v. Livendoski

*Robert J. Kelleher,* Assistant District Attorney, for Commonwealth.

*Thomas C. Mangan,* for defendant.

DWYER, P. J., Specially Presiding, January 4, 1966.—Defendant was tried and the jury found him guilty of an attempt to commit statutory rape on an 11-year-old girl. Defendant filed a motion in arrest of judgment based upon two theories. First, defendant complains that at the end of the Commonwealth's case he asked for a directed verdict, which was refused by the court,[1] and, secondly, that the court's instructions to the jury were improper.

One of the elements of the offense involved is that defendant be 16 years of age or older at the time the crime was committed. There was no direct testimony presented by the Commonwealth or by defendant indicating that defendant was 16 years of age or older at that time. This lack of direct testimony is the basis for defendant's motion in arrest of judgment in this case.

At the conclusion of the Commonwealth's case, defendant, through his attorney, made a motion asking for a directed verdict on the basis that the Commonwealth had not produced sufficient evidence to sustain a conviction. The trial judge asked defense counsel at that point to be more specific, and to point out what

---

[1] The proper action for defendant to have taken at the time was to have demurred, and the court will treat defendant's motion for a directed verdict as such a motion.

specifically he had in mind as the basis for this objection. Counsel replied that the Commonwealth had not produced sufficient evidence of penetration in order to allow the jury to find defendant guilty of statutory rape, and counsel then went into detail on the doctor's testimony concerning this phase of the Commonwealth's case, but made no objection concerning the lack of testimony regarding defendant's age.[2] Since the jury found defendant guilty of *attempt* to commit statutory rape, they were not convinced that defendant had been guilty of penetrating the child. Consequently, there was harmless error, if any error at all, in not granting defendant's motion for a directed verdict based on the objection presented by defendant's counsel at this point in the trial. Therefore, this court feels that there is no merit in further considering defendant's request for a motion in arrest of judgment based on this point.

Regarding the alleged error in the court's instructions to the jury concerning the age of defendant, the testimony reflects that three witnesses for the prosecution identified defendant by singling him out during the trial. The question of his age was never called to the attention of the jury by the district attorney either in his case or in his summation.

It is well established law in Pennsylvania that it is proper in establishing a defendant's age for the district attorney to call to the attention of the court and jury the personal appearance of defendant, and to allow the

---

[2] It is to be noted that, if defense counsel had specifically called attention at this stage of the proceedings to the fact that there was no direct testimony that defendant was 16 years of age or older, it would have been highly proper for the district attorney to ask to reopen his case to produce such testimony, and, if such request had been made by the district attorney to open his case, it would have been discretionary with the trial judge as to whether or not this would have been allowed.

jury to determine whether or not defendant meets the age requirement: Commonwealth v. San Juan, 129 Pa. Superior Ct. 179 (1937).

In proving this essential element concerning defendant's age, it therefore seems proper for the Commonwealth to identify defendant and offer his appearance in evidence. Although the Commonwealth did offer defendant's identity, it did not follow by commenting on his appearance to the jury in order for the jury to determine whether or not he was 16 years of age or older at the time of the commission of the crime.

The trial judge, in his charge to the jury, specifically called its attention to the fact that an essential element of the crime involved is that defendant be at least 16 years of age, and, further, that no direct testimony had been presented by the district attorney of this fact, but that they should consider defendant's appearance and the other circumstances of the case and determine whether or not he was 16 years of age or older. It was obvious that defendant was much older than 16 years. This was amply shown by his appearance and the testimony reflected that he was living with and planning to marry the mother of the 11-year-old girl with whom he was involved in the charge being heard by the jury.

We feel that no injustice to defendant resulted from the fact that the court, rather than the district attorney, specifically called these matters to the attention of the jury. The jury was properly instructed on this point and, since it was obvious to all that defendant was much older than the 16 years required by the statute, we feel that there was no error committed by the court in this regard.

ORDER

And now, to wit, January 4, 1966, the rule to show cause granted to defendant is discharged, and defendant is ordered to be brought forthwith before this court for sentencing.